UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6684 CAS (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | IN RE THELMA V. SPIRTOS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers): APPELLANTS' MOTION FOR STAY PENDING APPEAL (filed 11/13/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of December 7, 2009, is hereby vacated and the matter is hereby taken under submission.

**I.   INTRODUCTION & BACKGROUND**

The complicated and lengthy history of Thelma V. Spirtos' bankruptcy action has been summarized by the Court of Appeals for the Ninth Circuit in In re Thelma V. Spirtos, 56 F.3d 1007 (9th Cir. 1995), and In re Basil N. Spirtos, 221 F.3d 1079 (9th Cir. 2000), as well as by the bankruptcy court in In re Thelma V. Spirtos, 298 B.R. 425 (Bkrtcy. C.D. Cal. 2003).

On July 9, 2003, R. Todd Neilson, Trustee ("the Trustee") of the Chapter 7 bankruptcy estate of Thelma V. Spirtos, commenced an adversary proceeding entitled Neilson, Trustee v. Spirtos et al., Adv. No. 03-02088 ("adversary proceeding") against Thelma Spirtos ("Thelma"), her mother, Polymnia Vouis ("Vouis") and her daughter, Michelle Spirtos ("Michelle") in the United States Bankruptcy Court for the Central District of California (the "bankruptcy court"). The adversary proceeding was initiated to determine the estate's present ownership interest in two contiguous parcels of real property: the 16020 Property ("Parcel 1")[1] and the 16024 Property ("Parcel 2"). The

---

[1] As part of the Plan, Thelma retained title to Parcel 1, but was required to refinance it to the extent of $260,000, and from that amount, pay all liens of record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6684 CAS (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | IN RE THELMA V. SPIRTOS | | |

Trustee's Complaint included the following claims: (1) violation of the automatic stay; (2) and (3) declaratory relief with respect to Parcel 2; (4) avoidance and recovery of fraudulent transfer of Parcel 2; (5) quiet title to Parcel 2; (6) turnover of Parcel 2 and proceeds of any loans secured by Parcel 1; and (7) turnover and accounting of Parcel 2.

On August 13, 2004, the bankruptcy court entered an order in the adversary proceeding granting a motion for the imposition of discovery sanctions against the appellants, striking the appellants' answer in that proceeding and entering default against the appellants. On October 26, 2004, the bankruptcy court dismissed without prejudice to all defendants the first, third, and fourth claims for relief, and entered default judgment against Michelle on the second, fifth, sixth, and seventh claims for relief, requiring Michelle to turn over Parcel 2 to the Trustee. On November 26, 2004, appellants filed a notice of appeal from the bankruptcy court's October 26, 2004 Order entering default judgment against Michelle on the second, fifth, and seventh claims for relief and requiring her to turn over Parcel 2 to the Trustee. On May 14, 2007, the Court affirmed the bankruptcy court's entry of default judgment. On June 13, 2007 appellants filed an appeal to the Ninth Circuit.

On October 29, 2007, Thelma filed a separate voluntary petition for relief (the "Second Thelma Bankruptcy Case") under Chapter 7 of the Bankruptcy Code in the bankruptcy court. In re Thelma V. Spirtos, U.S.B.C. Case No. 07-19816-VK. On April 2, 2008, the bankruptcy court dismissed the Second Thelma Bankruptcy Case with a 180-day bar against re-filing. On April 7, 2008, Michelle filed a separate voluntary petition for relief (the "First Michelle Bankruptcy Case") under Chapter 13 of the Bankruptcy Code in the bankruptcy court. In re Michelle Eardley aka Michelle Spirtos, U.S.B.C. Case No. 08-14524-VK. On June 25, 2008, the bankruptcy court dismissed the First Michelle Bankruptcy Case with a lifetime bar to re-filing.

On January 29, 2009, the Ninth Circuit affirmed the bankruptcy court's October 26, 2004 default judgment but vacated the bar against re-filing. On March 20, 2009, the Ninth Circuit denied appellants' petition for a panel rehearing. On March 30, 2009, the Ninth Circuit mandated the Court to affirm the bankruptcy court's October 26, 2004 default judgment.

---

against the property and use the balance of the $260,000 to fund the Plan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6684 CAS (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | IN RE THELMA V. SPIRTOS | | |

    On May 22, 2009, Thelma filed a third voluntary petition for relief (the "Third Thelma Bankruptcy Case") under Chapter 11 of the Bankruptcy Code in the bankruptcy court. In re Thelma V. Spirtos, U.S.B.C. Case No. 09-22687-AA. On July 29, 2009, the bankruptcy court dismissed the Third Thelma Bankruptcy Case with a 180-day bar against a re-filing.

    On July 20, 2009, the Trustee filed a motion for the issuance of a Writ of Assistance in the bankruptcy court. On August 25, 2009, the bankruptcy court granted the Writ of Assistance, and on September 11, 2009, the Marshal served the Writ of Assistance at Parcel 2. On September 17, 2009, an automatic stay was created when Michelle filed a second voluntary petition for relief (the "Second Michelle Bankruptcy Case") under Chapter 13 of the Bankruptcy Code in the bankruptcy court. In re Michelle Spirtos aka Michelle Eardley, U.S.B.C. Case No. 2:09-bk-35132-VK.

    On September 18, 2009, the Trustee filed a motion for relief from the automatic stay. On September 30, 2009, the bankruptcy court granted relief from the automatic stay, and on October 20, 2009, the bankruptcy court dismissed the Second Michelle Bankruptcy Case.

    On August 31, 2009, Jon Eardley and Thelma—but not Michelle—filed a motion for stay pending appeal of the Writ of Assistance in the bankruptcy court. On September 4, 2009, the Trustee filed his opposition thereto. On September 4, 2009 the bankruptcy court denied the motion.

    On November 13, 2009, Jon Eardley and Michelle filed the instant motion in this Court, appealing the bankruptcy court's denial of their motion for stay pending appeal. The Trustee filed his opposition thereto on November 23, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

    The Court reviews the bankruptcy court's ruling on the issue of a stay of its order pending appeal for abuse of discretion. In re Irwin, 338 B.R. 839, 844 (E.D. Cal. 2006) (citing Universal Life Church v. United States, 191 B.R. 433, 444 (E.D. Cal. 1995)). An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 805 must prove: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6684 CAS (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | IN RE THELMA V. SPIRTOS | | |

suffer irreparable injury; (3) no substantial harm will come to the appellee; and (4) the stay will do no harm to the public interest. Irwin, 338 B.R. at 843; see also Hilton v. Braunskill, 481 U.S. 770, 776 (1987); In re Wymer, 5 B.R. 802, 806 (BAP 9th Cir. 1980). The party seeking a stay pending appeal has the burden of proof on each of the four elements, and failure to satisfy any one of the four elements justifies denying the stay motion. Irwin, 338 B.R. at 843.

### III.   DISCUSSION

Appellants argue that the bankruptcy court erred when it denied their motion to stay pending an appeal. Mot. at 15. They contend that the bankruptcy court improperly ignored their adverse possession claim. Id. Appellants further contend that the bankruptcy court improperly issued a Writ of Assistance without first holding an adversary hearing. Id. at 16. The Trustee responds that the bankruptcy court did not err, because appellants failed to provide admissible evidence in support of their motion to stay, and they failed to meet their burden of proof in support of their motion to stay.$^2$ Opp. at 10-11.

The Court finds that the bankruptcy court did not abuse its discretion when it denied appellants' bankruptcy motion, because they failed to prove that there is cause for a motion to stay.$^3$ In the bankruptcy motion, appellants failed to address either the harm that may come to the Trustee or the public interest. See Ex. 35 at 8-10. Thus, appellants fail as a matter of law to sufficiently plead a motion for stay pending appeal. See Irwin, 338 B.R. at 843.

Regarding appellants' claim that an adversary proceeding must first be held before a Writ of Assistance may be granted, the Court finds that such a proceeding has, in fact, already been held. See Neilson Trustee v. Spirtos et al., Adv. No. AD 03-02088-AA.

---

$^2$ The Trustee also contends that appellants' declarations are inadmissible as evidence because they are unsigned. Opp. at 10. Insofar as the Court does not rely on the legal theory that is the subject of these objections, the Court overrules them as moot.

$^3$ Specifically, the bankruptcy court found that: (1) appellants failed to satisfy their burden of proving there is a cause for a stay pending appeal, and (2) there is no admissible evidence to support the Motion. Mastan Decl., Ex. 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6684 CAS (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | IN RE THELMA V. SPIRTOS | | |

Insofar as appellants attempt to argue that there must be a separate adversary proceeding for the actual Writ of Assistance, the Court finds dismissal is appropriate. Writs of Assistance are federal mechanisms by which a judgment for possession of property is enforced, and are not separate triable issues. See Fed. R. Civ. P. § 70. Accordingly, the Court finds dismissal of appellants' motion for stay pending appeal is appropriate.

In regard to the Trustee's request for the Court to take judicial notice of Bankruptcy Judge Meredith Jury's order on November 25, 2009, classifying plaintiff Thelma Spirtos as a "vexatious litigant," the Court hereby ORDERS appellants to SHOW CAUSE as to why this Court should not determine Thelma Spirtos to be a vexatious litigant for the reasons set forth in the bankruptcy court order.

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES appellants' motion for stay pending appeal.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |